**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23 B 8488 |
| SOTIRIOS PAPPAS, | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| | ) | |
| | ) | |
| KONSTANTINOS PNEVMATIKOS, | ) | |
| | ) | Adv. No. 23 A 387 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| SOTIRIOS PAPPAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on the motion filed by Defendant Sotirios Pappas

("Defendant" or "Debtor") to dismiss ("Motion to Dismiss") the amended adversary complaint

("Amended Complaint") filed by Plaintiff Konstantinos Pnevmatikos ("Plaintiff").[1]  Following

the filing of the Motion to Dismiss, the court entered a briefing schedule.  Plaintiff filed a

response ("Response") and Defendant filed a reply ("Reply").

Having reviewed the Amended Complaint and the papers submitted in support and in

opposition to the Motion to Dismiss, the court will deny the Motion to Dismiss.

### I.   JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district

court's Internal Operating Procedure 15(a).  This is a core proceeding under 28 U.S.C. §

157(b)(2)(B), (F).  Venue is proper under 28 U.S.C. § 1409(a).

---

[1] Throughout the Amended Complaint, the Plaintiff is referenced to as "KP."

1

## II.   BACKGROUND

Plaintiff is a creditor of Defendant.  Plaintiff was induced by Defendant falsely representing himself as an accredited broker with legitimate securities firms who would guarantee high returns from his specialized knowledge of derivatives markets.  Defendant would provide investors with post-dated personal checks which were purportedly meant to secure the alleged victims' investments.

In 2002, Plaintiff gave Defendant amounts totaling €688,160 to invest in the derivative market on the Athens Stock Exchange.  Defendant promised significant profits. Plaintiff authorized Defendant to open an account in Plaintiff's name in order for Defendant to trade derivatives on Plaintiff's behalf.  Stockbrokers in Greece were not permitted to open a derivatives account on a client's behalf in this way.  Defendant took the funds and transferred them to a place beyond the reach of Plaintiff.  Defendant never intended to repay the funds.  Amended Complaint, ¶¶ 9-16, 18-23.

Defendant wrote at least three checks to Plaintiff for the total amount Plaintiff had invested.  Plaintiff attempted to cash the three checks, but the checks were not cashed due to a lack of funds in the corresponding bank accounts.

In 2003, Plaintiff obtained three judgments in Greek courts against Defendant: first - €38,160, plus costs of €1,170.95, and interest; second - €350,000, plus costs of €10,714.59, and interest; third - €300,000, plus costs of €5,863.90, and interest.  The judgment amounts total €688,460 plus costs.  Defendant appealed all three judgments in Greek courts.  In 2006, a Greek appellate court affirmed all three judgments.  Defendant appealed again and, in 2008, the judgments were affirmed again.

There is, allegedly, no evidence that Defendant ever invested any of Plaintiff's funds.

### III.    LEGAL DISCUSSION

In resolving a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).

To defeat a motion to dismiss under Fed. R. Civ. P. 12(b)(6), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7012, a complaint must describe the claim in enough detail to give notice to the defendant.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, the complaint must be "plausible on its face."  *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), unless the subject matter of that pleading implicates a heightened standard.  *See* Fed. R. Civ. P. 9.  The circumstances supporting an action sounding in fraud must be articulated with particularity under Rule 9.

**A.  Count VI – 727(a)(5): Count VI States a Claim for Relief**

Defendant argues that the Amended Complaint suffers the same defects as the original and fails to allege all elements of a cause of action under section 727(a)(5).  Section 727(a)(5) prevents a debtor from receiving a discharge if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency

of assets to meet the debtors' liabilities." 11 U.S.C. § 727(a)(5). "Section 727(a)(5) is broadly drawn and clearly gives a court broad power to decline to grant a discharge in bankruptcy where the debtor does not adequately explain a shortage, loss, or disappearance of assets." *First Federated Life Ins. Co. v. Martin* (*In re Martin*), 698 F.2d 883, 886 (7th Cir. 1983).

"[T]he party objecting to discharge has the burden of proving that the debtor at one time owned substantial and identifiable assets that are no longer available for his creditors." *Stathopoulos v. Bostrom* (*In re Bostrom*), 286 B.R. 352, 364 (Bankr. N.D. Ill. 2002). If that burden is met, then the debtor must provide a sufficient explanation for the loss. *Id.*

Plaintiff's amended pleading provides the additional allegations that were lacking in the original dismissed Complaint. Plaintiff rectifies the fatal lack of allegations, identifying the specific property in question – the investment funds, pleading how Defendant came into possession of the funds, and that the funds were available to Defendant's creditors. Amended Complaint, ¶¶ 17-19, 22-23. Plaintiff alleges that Defendant has "failed to explain the loss of the investment funds in which Pappas had taken for his own use after receipt from KP." Amended Complaint, ¶ 87. Plaintiff alleges that the funds were provided to Defendant in January 2002, and that the funds were to be invested over a three-month period of February through April 2002. Amended Complaint, ¶¶ 19-20.

Plaintiff specifies the amount of funds in question as a total of €688,160 and alleges that these funds were given to Defendant, who maintained sole control over the funds. Amended Complaint, ¶¶ 18, 22-25. Plaintiff alleges he invested €688,160 with Defendant, and Defendant did not invest the funds and no longer has those funds available to his creditors. Amended Complaint, ¶¶ 23-24, 41; *see Stathopoulos v. Bostrom* (*In re Bostrom*), 286 B.R. 352, 364

4

(Bankr. N.D. Ill. 2002).  These allegations sufficiently place Defendant on notice as to what actions he must defend.

For the reasons stated above, Count VI has been adequately pleaded.

**B.  Counts I-V are Adequately Pleaded under section 523**

Defendant argues that Counts I-V of the Complaint lack the necessary particularity for alleging fraud as required by Fed. R. Civ. P. 9(b).

While "it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against[,]" *New Century Bank, N.A. v. Carmell* (*In re Carmell*), 424 B.R 401, 412 (Bankr. N.D. Ill. 2010), some level of particularity is required by Fed. R. Civ. P. 9.  "'Particularity' means 'the who, what, when, where, and how of the fraud….'" *Schneider v. Billon* (*In re Billon*), No. 20 A 413, 2021 WL 2908970, at *3 (Bankr. N.D. Ill. July 12, 2021) (quoting *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018)).  "[F]raud requires more than [a] breach of promise…." *U.S. ex rel. Main v. Oakland City Univ.*, 426 F.3d 914, 917 (7th Cir. 2005).  "[F]ailure to honor one's promise is (just) breach of contract, but making a promise that one *intends* not to keep is fraud." *Id.* (emphasis in original).

**1.  Count I – 523(a)(2)(A) - False Representation**

Section 523(a)(2)(A) bars debtors, such as Defendant, from discharging debts "obtained by 'false pretenses, a false representation, or actual fraud…." 11 U.S.C. § 523(a)(2)(A).  In Count I, Plaintiff claims false representations by Defendant establish his claim.  For the claim for relief to survive a motion to dismiss under section 523(a)(2)(A), Plaintiff must plausibly allege: (1) Defendant made a false representation or omission; (2) he knew that representation was false or made it with reckless disregard for the truth; (3) he made the statement with the intent to

deceive Plaintiff; and (4) Plaintiff justifiably relied on the representation. *See Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010).

"Justifiable reliance . . . requires only that the creditor did not blindly rely upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation." *Id.* (internal quotation omitted). "[A] person is justified in relying on a representation of fact although he might have ascertained the falsity of the representation had he made an investigation." *Mercantile Bank v. Canovas*, 237 B.R. 423, 429 (Bankr. N.D. Ill. 1998) (quoting *Field v. Mans*, 516 US 59, 70 (1995)). "However, a plaintiff may not bury his head in the sand and willfully ignore obvious falsehoods." *Johnston v. Campbell* (*In re Campbell*), 372 B.R. 886, 892 (Bankr. C.D. Ill. 2007) (internal quotation omitted).

As in the original Complaint, the Amended Complaint asserts that Defendant made two false representations. First, Plaintiff claims that Defendant guaranteed the full return of Plaintiff's investments and second, that the checks Defendant issued would be paid by the bank. Amended Complaint, ¶ 48. Supplementing the original factual allegations, Plaintiff then alleges that Defendant knew at the time of receipt of the funds that the funds would not be invested and would not be returned, and that Defendant made these representations with the intent to deceive Plaintiff. Amended Complaint, ¶¶ 50-51.

Plaintiff also provides further context as to the investment scheme. The Amended Complaint states that Plaintiff and Defendant entered into an oral agreement by which Defendant would invest the funds in the derivatives market for a three-month period, after which Defendant would sell all the derivatives and then all the funds would be paid back to Plaintiff. Amended Complaint, ¶¶ 16, 20. With this additional context, Plaintiff alleges sufficient facts, responding

6

to the questions proposed in the opinion dismissing the original Complaint. *See Pnvematikos v. Pappas*, Adv. No. 23 A 387, EOD 23 (Bankr. N.D. Ill. Feb. 26, 2025).

These allegations are sufficient to satisfy the first three prongs of the section 523(a)(2)(A) inquiry. First, Defendant's representation was false, as Plaintiff's investment was never returned. Second, Plaintiff alleges that Defendant knew the representation was false at the time of making it. Third, Plaintiff alleges that Defendant made the representation with the intent to deceive Plaintiff. *Id.*

Moving to the final prong, Plaintiff pleads justifiable reliance. Plaintiff alleges that he did not know that the investment scheme was illegal until after May 2002 and alleges that Defendant had held himself out to be an expert in the derivatives market on the Athens Stock Exchange. Amended Complaint, ¶ 10. Plaintiff justifiably relied on this representation, which was the start of the investment discussion. Moreover, Plaintiff alleges that the funds he was owed were the funds that were to be the profit of the investments after the three-month investment, which he alleges to have been guaranteed by Defendant. Amended Complaint, ¶¶ 10-15.

For the reasons stated above, Count I has been adequately pleaded.

### 2. Count II – 523(a)(2)(A) - Actual Fraud

Plaintiff alleges actual fraud in Count II of the Amended Complaint. The "term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359 (2016); 11 U.S.C. § 523(a)(2)(A). To allege an actual fraud claim, the objecting creditor must allege that "(1) actual fraud occurred; (2) the debtor intended to defraud the creditor; and (3) the debtor's actual fraud created the debt at issue." *Thazhathuputhenpurac v. Abraham (In re*

7

*Abraham*), 582 B.R. 202, 214 (Bankr. N.D. Ill. 2018) (internal quotation omitted). "Unlike false pretenses and false representation, 'actual fraud' requires neither a misrepresentation, nor reliance." *Id.* at 213 (internal citations omitted). Actual fraud encompasses "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another[.]" *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000) (quoting 4 *Collier on Bankruptcy* ¶ 523.08[1][e], p. 523-45 (15th ed., Lawrence P. King ed., 2000). The first element requires "there must be 'an element of unfairness' to the transaction." *In re Alewelt*, No. 14-70578, 2016 WL 1313382, at *5 (Bankr. C.D. Ill. Mar. 31, 2016) (citing *Bletnitsky v. Jairath* (*In re Jairath*), 259 B.R. 308, 317 (Bankr. N.D. Ill. 2001)). Actual fraud is sufficiently alleged when a plaintiff makes allegations that a defendant had falsely promised to make good on dishonored checks. *See Zamora v. Jacobs* (*In re Jacobs*), 403 B.R. 565, 574 (Bankr. N.D. Ill. 2009).

Plaintiff sufficiently pleaded that Defendant committed actual fraud. Plaintiff alleges that Defendant committed three fraudulent acts: the representation that Defendant would invest the funds in derivative investments and guarantee the return in full of any money Plaintiff invested, the representation that the derivative investments would be invested as promised and would yield significant profits, and that, on at least two separate occasions, Defendant tendered checks to Plaintiff for the return on investment at which time Defendant knew the checks would not be honored. Amended Complaint, ¶¶ 50, 57.

The Amended Complaint alleges that Defendant never invested any of the money provided by Plaintiff and that the funds were in fact kept by Defendant. Amended Complaint, ¶¶ 41, 43, 50. According to the oral agreement between the parties, Plaintiff was to receive his returned investment, along with the profits of the investments, after the three-month investment period. Amended Complaint, ¶¶ 16, 20. These allegations, coupled with the supplemental facts

8

examined above, are sufficient to plead actual fraud.  The actions represented by Defendant did not occur, Plaintiff alleges Defendant intended to defraud through the representations Defendant made, and the fraud at issue is what created this debt.

For the reasons stated above, Count II has been adequately pleaded.

### 3.   Count III – 523(a)(4) - Embezzlement and/or Larceny

In Count III, Plaintiff alleges embezzlement and/or larceny under section 523(a)(4).  To plead a claim for relief under section 523(a)(4) based on embezzlement, a creditor must plausibly allege that: "(1) the debtor appropriated funds or property for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit." *FNA Group, Inc. v. Arvanitis* (*In re Arvanitis*), Adv. No. 14-514, 2015 WL 5202990, at *17 (Bankr. N.D. Ill. Sept. 1, 2015); 11 U.S.C. § 523(a)(4).  "[E]mbezzlement is shown where the debtor had sole access to the creditor's funds, and despite knowing that the creditor wanted the funds returned, surreptitiously took them for his own benefit." *Zamora v. Jacobs* (*In re Jacobs*), 403 B.R. 565, 575 (Bankr. N.D. Ill. 2009) (citing *Rainey v. Davenport* (*In re Davenport*), 353 B.R. 150, 200 (Bankr. S.D.Tex. 2006)). "Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner." *Kaye v. Rose* (*In re Rose*), 934 F.2d 901, 903 (7th Cir. 1991).

Although fraudulent intent is a required element, it need not be pleaded with particularity. *See* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").  Plaintiff further alleges that Defendant took the funds that Plaintiff provided for investment and used them for Defendant's own benefit.  Amended Complaint, ¶¶ 64-67.  And the additional allegations examined above sufficiently allege the fraudulent intent and deceit required to support the claim.  It is plausible from the Amended Complaint that both

embezzlement and larceny could have occurred, and thus Plaintiff has succeeded in alleging Count III.

For the reasons stated above, Count III has been adequately pleaded.

### 4.  Count IV – 523(a)(4) - Defalcation

Plaintiff properly alleges a claim of defalcation in Count IV. [2]  To state a claim under section 523(a)(4), a creditor must allege "(1) that the debtor acted as a fiduciary to the creditor when the debt was created, and (2) that the debt was caused by fraud or defalcation." *Estate of Cora v. Jahrling* (*In re Jahrling*), 816 F.3d 921, 925 (7th Cir. 2016) (internal quotation omitted); 11 U.S.C. § 523(a)(4).  "Defalcation means the misappropriation of funds held in trust for another in any fiduciary capacity and the failure to properly account for such funds." *Wians v. Wians* (*In re Wians*), 523 B.R. 124, 130 (Bankr. N.D. Ill. 2014) (internal quotation omitted). "[D]efalcation requires proof of 'a culpable state of mind . . . involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior.'" *Jahrling*, 816 F.3d at 925 (quoting *Bullock v. BankChampaign*, 569 U.S. 267, 273-74 (2013)).

Plaintiff alleges that a fiduciary relationship existed between himself and Defendant, as investee and investor.  *See Moore v. Murphy* (*In re Murphy*), 297 B.R. 332 (Bankr. D. Mass. 2003) (discussing whether a stockbroker – investor relationship was a fiduciary relationship for defalcation).  As explained above, Plaintiff provided €688,160 to Defendant to be invested on Plaintiff's behalf on the Athens Stock Exchange and Defendant had "superior knowledge or power over [Plaintiff], which gave [Defendant] a position of ascendancy over [Plaintiff]." Amended Complaint, ¶ 71.  Plaintiff further alleges that Defendant disposed of these funds and

---

[2] Paragraph 73 of the Amended Complaint muddles the names of the parties and alleges that Plaintiff himself committed fraud by placing the investment funds beyond the reach of KP and other creditors.  From the context, it is clear that this is an inadvertent error and was not material to this opinion.

placed them beyond the reach of Plaintiff and other creditors. Amended Complaint, ¶ 73. And, as discussed in connection with previous counts, the Amended Complaint contains sufficient allegations of fraud as required by section 523.

For the reasons stated above, Count IV has been adequately pleaded.

### 5. Count V – 523(a)(6) - Willful and Malicious Injury

Count V is a section 523(a)(6) claim for willful and malicious injury. Section 523(a)(6) excepts from discharge any debt "for willful or malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). A showing of willful and malicious injury requires Plaintiff to demonstrate: (1) that Defendant's actions caused an injury to the person or property interest of the creditor, (2) that Defendant's actions were the result of willful conduct, and (3) that the willful conduct was undertaken in a malicious manner. *Centier Bank v. Young* (*In re Young*), 428 B.R. 804, 817 (Bankr. N.D. Ind. 2010) (discussing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)); 11 U.S.C. § 523(a)(6).

The section essentially "excepts debts resulting from intentional torts." *Groom v. Krook* (*In re Krook*), 615 B.R. 479, 487 (Bankr. N.D. Ill. 2020). "A debt for willful and malicious conversion is nondischargeable under [section 523(a)(6)]." *First Nat'l Bank of Red Bud v. Kimzey* (*In re Kimzey*), 761 F.2d 421, 424 (7th Cir. 1985) (*overruled on other grounds*); *see also Bank v. Yates* (*In re Sitton*), No. 24-AP-1046, 2024 WL 4481074 (Bankr. W.D. Okla. Oct. 11, 2024) (discussing conversion as a willful and malicious injury under section 523(a)(6)).

The Amended Complaint clarifies allegations that Defendant "knew such investments were illegal under Greek Law" and removes the uncertainty of the amounts at issue. Amended Complaint, ¶¶ 80, 82-84. Plaintiff has made clear that Defendant's actions in soliciting investments from Plaintiff were willfully or maliciously undertaken to cause the injury –

11

obtaining funds "and placing the assets beyond the reach of creditors."  Amended Complaint, ¶¶ 9-13, 78-84.  Further, Plaintiff alleges that Defendant never intended to pay the funds back as agreed.  Amended Complaint, ¶¶ 20, 80.  These allegations are sufficient to plead a cause of action under section 523(a)(6).

For the reasons stated above, Count V has been adequately pleaded.

### IV.   CONCLUSION

Throughout his motion, Defendant complains that the Amended Complaint contains nothing more than bare conclusions and must be dismissed, but ignores the fact that Plaintiff only must plead plausible claims.  Plaintiff has pleaded plausible claims; proof will come at trial.

For the foregoing reasons stated above, the motion to dismiss the Amended Complaint is denied as to Counts I-VI.  The court will enter an order, consistent with this ruling.

ENTERED:

Date:February20,2026

_____
DAVID D. CLEARY
United States Bankruptcy Judge

12